Curia, per Richardson, J.
The question to be decided is, whether sheriff Ramey and his sureties are liable to the penalty inflicted by the Act of 1846, to pay interest on the money in hands, at the rate of five per cent, per month, or liable only for seven per cent, per annum, during the delay made by the sheriff, in paying over the money. The enactment of the Act is in the following terms : “ If any sheriff shall, upon the demand of any plaintiff or his attorney, or within the day thereafter, wilfully refuse (and not having notice, bona fide, to retain the same, from some one claiming the same,) to pay over any sum of money collected for said plaintiff, the sheriff in default, besides being liable as now provided by law, shall be liable to pay the sum withheld, and interest thereon, at the rate of five per cent, per month, for the time he may withhold such sum after demand; and upon recovery had for such default, the sureties of such sheriff shall be liable for the entire amount, as for other neglect of official duty.” This Act expressly makes such penalty cumulative — see the last section of the Act. Now, then, are the sureties and the sheriff liable for this penalty of five per cent, per month, in the case before the Court 1 The facts of the case suggest the whole argument. The sheriff went into office in 1843, and his office expired February, 1847.— The Act was passed December, ’46. The sheriff received the money demanded, before the Act, and the demand was made after his office expired. According to the strict letter of the Act, the demand is to be made of the sheriff, (i. e. upon the officer, not upon him who, as in this case, had been sheriff.) But the demand was made upon Ramey, who was out of office at the time. Acts of the Legislature, so penal as the Act of ’46, are to be expounded with all reasonable strictness, in order to avoid the infliction of a penalty : which is of the nature of punishment. The argument, therefore, *22 upon the precise meaning of the term “ sheriff,” is a fair one, an¿ j woupj say emphatically so, where innocent sureties are to meet the penalty. But it is not necessary in this case, to decide whether, in all cases, the demand made upon the ex-sheriff, comes too late for the infliction of the penalty.— For it is very true on the other hand, that much argument may be found in the policy and object of the Act, for making even an ex-sheriff liable under the Act of ’46. But in the present case, there are other views to be taken, which appear to the Court to be conclusive, in supporting the charge of the Judge. No Act, however plainLy expressed, can be « ex p0S¡ jacto,” so as to impair the obligation of contracts. This is a very general and essential principle in the laws of contracts. Take the case itself. The sureties could not have contemplated the penalty subsequently ordered by the Act of ’46 — such Act would introduce new obligations, and greatly add to those of the bond made three years before.— If this consideration does not clearly shield the sureties from such additional penalty, there is still another view under the same head, that seems to me to shield them, and the sheriff, too, in this particular case, beyond all dispute — which is this — -the sheriff actually received the money demanded, before the passage of the penal Act in question. If the question be asked, where is the contract? I answer — when the sheriff had received the money, he was bound, by the implied contract that followed between him and the relator, to pay it over, and in default of so doing, to pay seven per cent, per annum for the delay. In this the contract was explicit, and could not be altered by any “ ex post facto” legislation whatever. When the sheriff received the money, his obligation was as plain as if A. had received the money of B. A’s. obligation would be to pay it over, and seven per cent, for any delay; and no subsequent Act could bind him to pay greater interest. Ramey stood in the position of A. Against such views of the proper legal consequences of the facts of the case, it is vain to resort to the expressions of the bond, that the sheriff “ shall perform the duties of his office as now. Qr hereafter required by law,” under the Act of 1829. The provisions of that Act cannot inflict a new and additional penalty, enacted, not only after the execution of the bond, but after the contract of the sheriff, made with the relator at the moment of the receipt of the money ; and such implied contract, being perfect at the moment of the receipt, could be changed in no way, unless by the immediate parties interested. And of course no additional obligation could be incurred by the sheriff. The distinction throughout this part of the argument, lies in discriminating between the undoubted right of the Legislature, to add further duties to those of a State officer, and inflicting a new penalty on an act already *23 performed, or on default in a contract already entered into ; -which would be unconstitutional. The Statute of 1846 is valid, and constitutional, and a good Act; the mistake is in its misapplication, by attempting to apply its penalty to a contract entered into before the Act existed.
The motion is, therefore, refused.
ON eall, Evans, Wakdlaw and Frost, JJ. concurred.

Motion refused.